OPINION — AG — WE HAVE EXAMINED SENATE BILL NO. 24 (30TH LEGISLATURE), THE NEW INSUFFICIENT FUNDS CHECK LAW REFERRED TO BY YOU, AND ARE OF THE OPINION THAT THE VARIOUS PROVISIONS THEREIN RELATING TO SECOND OR OTHER SUBSEQUENT PROSECUTIONS FOR VIOLATIONS OF ITS TERMS CLEARLY FALL WITHIN THE EXCEPTIONS OF HOUSE BILL NO. 932 (30TH LEGISLATURE) ARE NOT REQUIRED TO BE "TWO STAGE" PROCEEDINGS AT TRIAL THEREOF. CITE: 21 O.S. 1961 51 [21-51], 22 O.S. 1963 Supp., 860 [22-860], 21 O.S. 1961 1283 [21-1283], 21 O.S. 1961 1284 [21-1284], 47 O.S. 1961 93 [47-93], 21 O.S. 1961 51 [21-51] (HUGH COLLUM) FILENAME: m0011969 PAUL M. VASSAR COUNTY ATTORNEY ATTORNEY GENERAL OF OKLAHOMA — OPINION AUGUST 9, 1965 OPINION — AG — QUESTION 1: WHERE A PARENT OF MINOR CHILDREN HAS BEEN ARRESTED AND IMPRISONED IN THE COUNTY JAIL UNDER SUCH CIRCUMSTANCES THAT THERE ARE NO NEARBY FRIENDS OR RELATIVES INTO WHOSE CUSTODY SAID CHILDREN MAY BE ENTRUSTED, MAY SAID CHILDREN BE KEPT IN THE JAIL WITH THEIR PARENT, OR IN THE CARE OF THE JAILER? — NO, QUESTION 2: WHAT CAN BE DONE WITH SUCH CHILDREN? — THE ATTORNEY GENERAL CANNOT GIVE A COMPREHENSIVE ANSWER TO IT. WE WOULD POINT OUT, HOWEVER, THAT COUNTIES ARE GIVEN QUITE BROAD POWERS UNDER THE OKLAHOMA CONSTITUTION (ARTICLEXVII, SECTION 3) AND STATUTES (TITLE 56, CH. 3, GENERALLY TO CARE FOR THE POOR AND NEEDY. ALSO, THE OKLAHOMA PUBLIC WELFARE COMMISSION HAS BOARD POWERS TO PROVIDE CHILD WELFARE SERVICE (PER 56 O.S. 1961 176 [56-176], FOR EXAMPLE). THE EXISTENCE OF PRIVATE CHARITABLE ORGANIZATION CAPABLE OF AND WILLING TO CARE FOR THE CHILDREN CONCERNED ALSO IS SOMETHING WE WOULD EXPECT TO FIND IN YOUR COUNTY SEAT OR ANY OTHER COUNTY SEAT WITH A COUNTY JAIL. (HUGH COLLUM)